IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01205-PAB-MEH

PAUL E. GOODWIN,

    Plaintiff,

v.

H.M. BROWN & ASSOCIATES, INC., a Colorado corporation,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion for Stay of All Proceedings Pending Determination of Motion to Dismiss [filed September 17, 2010; docket #14]. The motion is referred to this Court for disposition. (Docket #15.) For the following reasons, the Court **GRANTS** Defendant's motion.

**I.    Background**

Plaintiff initiated this case pursuant primarily to the Truth in Lending Act, beginning at Section 1601 of 15 U.S.C. (Docket #1.) Plaintiff alleges that Defendant sold Plaintiff a vehicle, demanded immediate return of the vehicle, and after Plaintiff returned the vehicle, "pocketed [Plaintiff's] down payment and trade in." (*Id.* at 1.)

Defendant responded to Plaintiff's complaint with a motion to dismiss on June 16, 2010, ripe since July 14, 2010. (*See* dockets ##5, 9.) Defendant argues that the written purchase agreement contains an enforceable arbitration clause, thus the Court lacks subject matter jurisdiction over this lawsuit. In the alternative of dismissing Plaintiff's complaint, Defendant asks the Court to stay this matter and compel arbitration pursuant to the Federal Arbitration Act.

In the motion at hand, Defendant requests the Court to enter a stay of all proceedings in this case pending determination of the motion to dismiss. Defendant again asserts that the plain language of "two written contracts, a purchase order and a financing agreement, . . . unambiguously require the parties to submit all disputes arising out of the sale, whether based upon contract or tort law, to binding arbitration pursuant to the Federal Arbitration Act" [hereinafter FAA]. (Docket #14 at 1-2.) Defendant believes that Sections 3 and 4 of the FAA warrant a stay of litigation. (*Id*. at 3.) Defendant cites to Tenth Circuit law for the proposition that this Court is to resolve any doubt concerning the enforceability of the arbitration clause in favor of arbitration. (*Id*.) Furthermore, Defendant contends that allowing discovery to proceed during the pendency of the motion to dismiss would violate the spirit of the written contracts by forcing the parties to incur litigation costs, which would have been avoided by compliance with arbitration provisions. (*Id*.)

In response, Plaintiff asserts that neither agreement (the "purchase order" and the "financing agreement") is binding because no sale took place, as "Defendant cancelled the transaction." (Docket #16 at 1.) Plaintiff avers that Section 4 of the FAA gives Plaintiff the "right to a jury trial to decide if a contract to arbitrate was formed." (*Id*. at 2.) Plaintiff explains that in his complaint he alleges mistake of fact, fraud, and misrepresentation as grounds to find that a contract did not exist, and "the arbitration clause never went into effect." (*Id*.)

In its reply, Defendant states that even if the Court concludes that no sale took place and the terms of the purchase order are not binding, a blanket provision in the financing agreement still requires arbitration, even in the event of "any termination, payoff or transfer of this contract." (Docket #17 at 2.) Defendant distinguishes this matter from the cases cited by Plaintiff in support of rejecting the proposed stay. (*Id*. at 3-4.) Defendant refutes Plaintiff's contention that the existence of a contract including an arbitration provision must be decided by a jury, stating, "[u]nder

the Federal Arbitration Act, the only issues that a jury may consider are whether there is an agreement in writing for arbitration and whether there has been a default in proceeding thereunder." (*Id*. at 4.) Defendant believes that a stay in this matter will not prejudice Plaintiff, because his claims will be preserved, and both parties "will avoid the expense of potentially unnecessary pre-trial preparation." (*Id*. at 5.)

**II.    Discussion**

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, however Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A stay of all discovery is generally disfavored in this district. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, as this Court stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of the first and second factors favors Defendant's position. Although the Court recognizes Plaintiff's interests in proceeding with his lawsuit, the Court believes Defendant bears a distinct burden of having to proceed with discovery during the pendency of a motion to dismiss that could resolve this matter in its entirety through either dismissal or compelling arbitration. If the motion to dismiss is granted, proceeding with discovery would have subjected Defendant to undue expense and effort. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010). The Court takes no position on the merits of Defendant's motion to dismiss, however, it is evident to the Court that "Defendant has done more than offer conclusory assertions that jurisdiction is lacking - [Defendant] has filed a Motion to Dismiss supported by legal analysis." *See id.* Moreover, as the motion to dismiss is fully briefed, Plaintiff need not make an argument that he requires discovery to fashion an informed response.

Consideration of the remaining three factors prompts no different result. "Neither [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending." *Id.* (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted). Therefore, as the pending motion to dismiss is fully briefed, does not appear to this Court to be idly speculative, concerns the threshold issue of subject matter jurisdiction, and would resolve this matter either through dismissal or compelling arbitration, the Court finds good cause exists to impose a stay until the district court rules on the motion to dismiss.

**III.     Conclusion**

Accordingly, for the reasons stated above, the Court **GRANTS** Defendant's Motion for Stay of All Proceedings Pending Determination of Motion to Dismiss [filed September 17, 2010; docket #14].  This matter is hereby **STAYED** pending further order of the Court.  The parties shall file a status report with the Court indicating what, if any, changes to the Scheduling Order are needed, within *five business days* of a ruling on Defendant's pending motion to dismiss.

Dated at Denver, Colorado, this 6th day of October, 2010.

                BY THE COURT:

                *Michael E. Hegarty*

                Michael E. Hegarty
                United States Magistrate Judge