IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01205-PAB-MEH

PAUL E. GOODWIN,

    Plaintiff,

v.

H.M. BROWN & ASSOCIATES, INC., a Colorado corporation,

    Defendant.

## ORDER COMPELLING ARBITRATION

This matter is before the Court on defendant's motion to dismiss or, alternatively, to compel arbitration [Docket No. 5]. The motion is fully briefed and ripe for disposition. Plaintiff has asserted claims under several federal statutes, including the Truth in Lending Act, the Equal Credit Opportunity Act and the Motor Vehicle Information Cost Savings Act. Therefore, jurisdiction in this case is proper pursuant to 28 U.S.C. § 1331.

**I. BACKGROUND**

In December 2009, plaintiff contacted defendant to purchase a car. Plaintiff and defendant entered into a written contract for the sale of a Jeep Wrangler. The contract provides that defendant intended to assign the contract to a third party lender who would finance the contract. The contract also provides that:

> Customer hereby acknowledges and agrees that all disputes and controversies of every kind and nature asserted by Customer arising out of or in connection with the sale of this vehicle will be resolved by arbitration in accordance with the procedure set forth on the reverse side of this Contract.

Docket No. 7-1 at 5.  The reverse side stipulates that the arbitration will occur in Arapahoe County, Colorado and that defendant will pay the costs of the arbitration but that "[i]n the event Customer fails to proceed with arbitration . . . [defendant] is entitled to costs of suit."  Docket No. 7-1 at 6.  The contract also provides that in the event defendant breaches the contract, "the Customer's sole and exclusive remedy shall be a return of the purchase price paid under this Buyer's Order."  Docket No. 7-1 at 6.  After plaintiff signed the contract, defendant called to inform him that it was unable to obtain financing for plaintiff and was therefore canceling the sale.

Plaintiff filed suit in this Court asserting statutory claims pursuant to the Truth in Lending Act, the Equal Credit Opportunity Act, the Motor Vehicle Information and Cost Savings Act, the Colorado Consumer Protection Act, and the Uniform Commercial Code.  Plaintiff also asserts various common law claims.  Defendant filed the instant motion arguing that this dispute was covered by the contract's arbitration clause and therefore this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, alternatively, the Court should stay the case and compel the parties to arbitrate.

## II.  FEDERAL ARBITRATION ACT

Defendant seeks dismissal for lack of subject matter jurisdiction on account of an alleged agreement to arbitrate.  "The mere existence of an arbitration agreement, however, does not divest a federal court of subject matter jurisdiction."  *Will v. Parson Evergreene, LLC*, No. 08-cv-00898-DME-CBS, 2008 WL 5330681, at *1 (D. Colo. Dec. 19, 2008); *see also Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994) (stating that, upon a motion to stay pending arbitration, the "proper course . . .

would have been for the district court to grant Defendant's motion and stay the action pending arbitration" rather than to dismiss); *Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 538-39 (10th Cir. 1987) ("Section 3 of the Federal Arbitration Act contemplates continuing supervision by the district court to ensure that arbitration proceedings are conducted within a reasonable period of time, thus preventing any impairment of the plaintiffs' rights to seek relief.").

In the alternative, defendant seeks a stay of these proceedings pending arbitration. Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Further, the FAA provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This statutory scheme "manifests a liberal federal policy favoring arbitration." *Comanche Indian Tribe v. 49, L.L.C.*, 391 F.3d 1129, 1131 (10th Cir. 2004) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991)). Consequently, the Court must "resolve 'any doubts concerning the scope of arbitrable issues . . . in favor of arbitration.'" *P & P Industries, Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,

460 U.S. 1, 24-25 (1983)). "In addition, this liberal policy 'covers more than simply the substantive scope of the arbitration clause,' and 'encompasses an expectation that [arbitration] procedures will be binding.'" *Id.* (citation omitted).

With that said, there is no such presumption when assessing "whether there is a valid and enforceable arbitration clause in the first instance." *Encore Productions, Inc. v. Promise Keepers*, 53 F. Supp. 2d 1101, 1108 (D. Colo. 1999) (citing *Riley Manufacturing Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998)). "'[T]he question of arbitrability – whether a [contract] creates a duty for the parties to arbitrate the particular grievance – is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.'" *Riley*, 157 F.3d at 779 (quoting *AT & T Technologies v. Communications Workers,* 475 U.S. 643, 649 (1986)); *see First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944-45 (1995) ("[T]he law treats silence or ambiguity about the question '*who* (primarily) should decide arbitrability' differently from the way it treats silence or ambiguity about the question '*whether* a particular merits-related dispute is arbitrable because it is within the scope of a valid arbitration agreement' – for in respect to this latter question the law reverses the presumption."). Because defendant has not argued that there is anything "in the contract that demonstrates the parties' intent to submit to an arbitrator the threshold question of whether an agreement to arbitrate exists," *Encore Productions*, 53 F. Supp. 2d at 1108 (citing *Riley*, 157 F.3d at 781), the Court must resolve the initial question of arbitrability.

Judges in this district have crafted a sensible approach to disputes over whether the parties have agreed to arbitrate, applying "a standard similar to that governing motions for summary judgment."  *Stein v. Burt-Kuni One, LLC*, 396 F. Supp. 2d 1211, 1213 (D. Colo. 2005); *see Ernest v. Lockheed Martin Corp.*, No. 07-cv-02038-WYD-KLM, 2008 WL 2958964, at *3 (D. Colo. July 29, 2008); *Cornell v. Harmony Homes, Inc.*, No. 06-cv-00323-EWN-MEH, 2007 WL 38132, at *3 (D. Colo. Jan. 4, 2007); *see also In re Universal Service Fund Telephone Billing Practices Litig.*, 300 F. Supp. 2d 1107, 1116 (D. Kan. 2003) ("The Courts of Appeals have uniformly held that '[i]n the context of motions to compel arbitration brought under the Federal Arbitration Act . . . courts apply a standard similar to that applicable to a motion for summary judgment.'"); *cf. Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1287 (10th Cir. 1997) ("The existence of an agreement to arbitrate is a threshold matter which must be established before the FAA can be invoked.").  Taking this approach, the Court will require defendant to bear the initial burden of presenting evidence sufficient to demonstrate that an enforceable arbitration agreement exists.  *See Stein*, 396 F. Supp. 2d at 1212.  If it meets that burden, the burden shifts to the plaintiff, who must show that there is a "genuine issue of material fact as to the making of the agreement, using evidence comparable to that identified in Fed.R.Civ.P. 56."  *Id.* at 1213.

## III. DISCUSSION

As the section of the purchase agreement quoted above demonstrates, the parties' contract included a broad arbitration clause stating that "all disputes and controversies of every kind and nature asserted by Customer arising out of or in

connection with the sale of this vehicle will be resolved by arbitration." Docket No. 7-1 at 5. Defendant has therefore met its initial burden of supplying the Court with sufficient evidence that the parties agreed to subject any dispute related to the sale to arbitration. The burden, therefore, shifts to plaintiff to show that there is a "genuine issue of material fact as to the making of the agreement, using evidence comparable to that identified in Fed. R. Civ. P. 56." *Stein,* 396 F. Supp. 2d at 1213. Plaintiff submits a series of arguments in support of his contention that the arbitration clause is unenforceable, which the Court will address in turn.

### A. Servicemembers Civil Relief Act

Plaintiff argues that the Servicemembers Civil Relief Act ("SCRA") makes arbitration unlawful because he is a covered servicemember and the SCRA provides that "no agreement to arbitrate any dispute involving the extension of consumer credit shall be enforceable against any covered member." *See* 10 U.S.C. § 987(f)(4). As defendant points out, the statute defines "consumer credit" such that it does not include "a loan procured in the course of purchasing a car . . . when that loan is offered for the express purpose of financing the purchase and is secured by the car." *See* 10 U.S.C. § 987(i)(6). Therefore, the SCRA does not cover the transaction at issue here.

### B. Condition Precedent

The parties' contract contains a provision titled "Seller's Right to Cancel," which states:

> Seller agrees to deliver the vehicle to you on the date this contract is signed. Seller intends to assign this contract to a financial institution. If Seller does not assign this contract to a financial institution, Seller may cancel this contract upon written notice. In that event, you may enter into

>a new contract with different financing terms or you may pay with alternate funds arranged by you. Upon receipt of our notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted.  If you do not immediately return the vehicle, Seller may use any legal means to recover it (including repossession) and you will be liable for all expenses incurred in recovering the vehicle, including reasonable attorneys' fees.  All terms of this contract are in full force and you are responsible for any loss or damage to the vehicle and the costs of repair of any damage while the vehicle was in your possession.

Docket No. 7-1 at 3.  Plaintiff contends that this provision created a condition precedent which did not occur and therefore the entire contract, including the arbitration clause, did not go into effect.  Plaintiff misreads this provision.  A condition precedent is a condition whose occurrence is required before the contract takes effect and "[i]f the condition does not occur and is not excused, the promised performance need not be rendered."  Blacks Law Dictionary 312 (8th ed. 2004).  The fact that the contract gave the seller the right to cancel in the event that it did not assign the contract to a third-party lender did not excuse either party from performance under the contract and, therefore, was not a condition precedent.  The contract was still binding even though defendant did not assign it, and plaintiff's condition precedent argument fails.  Moreover, plaintiff's argument that the contract was illusory because it was conditional upon defendant's assignment also fails.

### C. Statutory Causes of Action

Plaintiff argues that arbitration is inappropriate because he has a number of statutory claims.  "Although all statutory claims may not be appropriate for arbitration, '[h]aving made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory

rights at issue." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). The burden is on the party opposing arbitration, here plaintiff, "to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue." *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 227 (1987).

Plaintiff does not argue that Congress intended to preclude arbitration of any of his statutory claims. Rather, he argues that, because the agreement includes a clause limiting his recovery to the purchase price of the vehicle, he cannot properly vindicate his statutory rights through arbitration. Essentially, plaintiff argues that the limitation of damages clause violates public policy. Even if plaintiff is correct, it is an issue for the arbitrator, not the Court. The damage limitation clause, whatever its validity, does not affect the validity of the arbitration clause or demonstrate that the parties did not agree to arbitrate. "[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract" and "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006).[1] Therefore, plaintiff's argument regarding his statutory claims fails.

---

[1] The footnote in *Mitsubishi Motors* cited by plaintiff does not contradict this reasoning. *See* 473 U.S. at 637 n.19. This note explains that, although clauses in a contract other than the arbitration clause may result in an agreement being against public policy, this consideration is not relevant to whether the arbitration clause is valid and arbitration is required. *See id.*

### D. Right to a Jury Trial

Plaintiff argues that he is entitled to a jury trial under the FAA because he alleged in his complaint that the contract was entered into as a result of fraud in the inducement. Here again, plaintiff does not argue that the arbitration clause itself was the result of fraud or mistake, but that the entire contract is unenforceable. Section 4 of the FAA requires federal courts to compel arbitration "upon being satisfied that the making of the agreement for arbitration . . . is not in issue." 9 U.S.C. § 4. The Supreme Court has explained, "if the claim is fraud in the inducement of the arbitration clause itself - an issue which goes to the 'making' of the agreement to arbitrate - the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967). Plaintiff does not argue that defendant fraudulently induced him into agreeing to arbitration; rather, he argues that the entire contract was induced by fraud. Therefore, plaintiff's fraud claim does not create an issue as to whether the parties made an agreement to arbitrate and is properly considered by the arbitrator.

## IV. CONCLUSION

In light of the foregoing, it is

**ORDERED** that defendant's Motion to Dismiss for Lack of Jurisdiction or, Alternatively, to Stay Proceeding and Compel Arbitration [Docket No. 5] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that this case is **STAYED** and the parties shall proceed with arbitration in accordance with the arbitration agreement.  It is further

**ORDERED** that this case shall be administratively closed, pursuant to D.C.COLO.LCivR 41.2, with leave to be reopened for good cause shown.  If no action is taken to reopen this case before March 1, 2012, the case will be dismissed without prejudice without any further notice to either party.  It is further

**ORDERED** that notwithstanding the stay and administrative closure, the Court will grant defendant leave to file a motion for attorney's fees pursuant to D.C.COLO.LCivR 54.3.

DATED March 2, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge