IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01205-PAB-MEH

PAUL E. GOODWIN,

    Plaintiff,

v.

H.M. BROWN & ASSOCIATES, INC., a Colorado Corporation,

    Defendant.

---

**ORDER**

---

This matter is before the Court on defendant's Motion for Award of Attorney Fees [Docket No. 21] filed on March 16, 2011, to which plaintiff did not respond. The motion is ripe for disposition.

**I. BACKGROUND**

On May 25, 2010, plaintiff filed the complaint in this case. *See* Docket No. 1. In the complaint, plaintiff asserted statutory claims pursuant to the Truth in Lending Act, the Equal Credit Opportunity Act, the Motor Vehicle Information and Cost Savings Act, the Colorado Consumer Protection Act, and the Uniform Commercial Code. Plaintiff also asserted various common law claims. In response, defendant filed a Motion to Dismiss for Lack of Jurisdiction or, Alternatively, to Stay Proceeding and Compel Arbitration and for Award of Attorney Fees [Docket No. 5]. Defendant argued that the dispute was covered by an arbitration clause and therefore this Court lacked subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Docket No. 5 at 5. Alternatively,

defendant requested a stay of the case and an order to compel the parties to proceed with arbitration. *Id*. at 6.

On March 2, 2011, the Court issued an Order Compelling Arbitration [Docket No. 20]. In the Order, the Court ordered the parties to proceed with arbitration, stayed the proceedings pending the arbitration, and administratively closed the case. Docket No. 20 at 10. Additionally, the Court granted defendant leave to file a motion for attorney's fees pursuant to D.C.COLO.LCivR 54.3. *Id*.

On March 16, 2011, defendant filed the instant motion for attorney's fees [Docket No. 21]. Defendant seeks attorney's fees it asserts are due under the terms of the December 9, 2009 Purchase Order [Docket No. 5-1]. The purchase order, in relevant parts, states that "[i]n the event customer fails to proceed with arbitration . . . HMB is entitled to costs of suit, including a reasonable attorney's fee for having to compel arbitration." Docket No. 5-1 at 2, ¶ 16. Plaintiff does not contest that defendant is entitled to attorney's fees pursuant to the purchase order, nor does plaintiff dispute the amount requested by defendant. Despite plaintiff's acquiescence, the Court is required to determine whether defendant's proposed attorney's fee calculation is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

## II. ANALYSIS

To determine the reasonableness of a fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. A

"reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). A party seeking an award of attorney fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

Having reviewed the detailed billing records submitted by defendant's attorney, Paul G. Urtz, [Docket No. 21-1], the Court finds that Mr. Urtz's rate of $250.00 an hour is reasonable given the prevailing market rates for an attorney with similar experience. The Court also finds that a total of 39.8 hours is a reasonable amount of time spent by Mr. Urtz to: (1) draft and file the motion to stay or dismiss case; (2) review plaintiff's response to the motion to stay; (3) draft a reply brief for the motion to stay; and (4) handle preliminary discovery matters. Multiplying the hours Mr. Urtz spent on this case by the hourly fee of $250.00 results in a lodestar amount of $9,950.00.

### III.  CONCLUSION

Accordingly, it is

**ORDERED** that defendant's Motion for Award of Attorney Fees [Docket No. 21] is **GRANTED**.  It is further

**ORDERED** that defendant shall be awarded $9,950.00 in attorney's fees.

DATED January 18, 2012

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge